990 So.2d 1275 (2008)
In re Anthony BERTUCCI.
No. 2008-B-1349.
Supreme Court of Louisiana.
September 26, 2008.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Anthony Bertucci, an attorney licensed to practice law in Louisiana.

*1276 UNDERLYING FACTS
The facts of this matter are not in dispute, having been stipulated to by the parties. On April 29, 2004, respondent was detained by the Baton Rouge City Police Department after a traffic stop and found to be in unlawful possession of various drugs and drug paraphernalia. He was released at the scene without being arrested and proceeded to Baton Rouge General Hospital, where he sought substance abuse treatment. After five days of inpatient treatment, respondent enrolled in the outpatient substance abuse treatment program offered by the Tau Center at Our Lady of the Lake Regional Medical Center. He was diagnosed as "polysubstance dependent" and treated at the Tau Center until August 6, 2004. On January 14, 2005, respondent entered into a two-year contract with the Lawyers Assistance Program ("LAP"), which contract respondent agreed to extend for an additional two years on January 11, 2007. Respondent is fully in compliance with the requirements of his LAP contract at this time.
On June 14, 2004, a bill of information was filed in the United States District Court for the Middle District of Louisiana charging respondent with one misdemeanor count of unlawful possession of hydrocodone and oxycodone, Schedule II controlled substances, and alprazolam (Xanax), a Schedule IV controlled substance. On June 16, 2004, respondent turned himself in and was arrested by state authorities. He was released after posting bond and, to date, has never been charged by state authorities.
On June 18, 2004, respondent and the federal Government entered into a pretrial diversion agreement which provided that prosecution would be deferred for a period of eighteen months, subject to respondent's fulfillment of certain conditions enumerated in the agreement, including respondent's successful completion of a drug rehabilitation program. The pre-trial diversion agreement further provided that if respondent complied with all of the terms and conditions thereof, he would not be prosecuted for the offense set forth in the bill of information. Respondent successfully completed the pre-trial diversion program, and the bill of information was dismissed on July 27, 2005.

DISCIPLINARY PROCEEDINGS:
By letter dated June 22, 2004, respondent, through counsel, notified the ODC of the circumstances surrounding the federal charges against him. In October 2004, this court transferred respondent to disability inactive status pursuant to a joint petition filed by respondent and the ODC. In re: Bertucci, 04-2394 (La.10/14/04), 884 So.2d 560. Respondent was reinstated to active status in January 2006, based upon the parties' joint petition suggesting that he had achieved "a large measure of success" in his efforts to address and treat his substance dependence issues. In re: Bertucci, 05-2563 (La.1/24/06), 919 So.2d 721.
After respondent was reinstated to active status from disability inactive status, the ODC filed one count of formal charges alleging that respondent's conduct as set forth above violated Rule 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct. The ODC subsequently amended the formal charges to include an allegation that respondent's conduct also violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.
Respondent, through counsel, answered the formal charges and admitted the misconduct as alleged by the ODC. This matter then proceeded to a formal hearing on the merits.

*1277 Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee made the following findings: respondent admitted to violating the law in that he was in wrongful possession of Vicodin and/or Lortab (hydrocodone), OxyContin (oxycodone), and Xanax (alprazolam); there was no evidence that respondent was distributing these drugs to others; respondent has been diagnosed as suffering from a major depressive disorder, recurrent type, as well as opioid dependence and alcohol dependence (polysubstance dependence), both in remission; chemical dependency involves a lifelong struggle to remain in remission; there was no evidence or testimony that respondent failed his clients in any way; he was highly regarded as a criminal defense attorney who did quality work; and respondent took responsibility for his wrongful actions by seeking treatment for substance abuse, completing the federal pre-trial diversion program, entering into a LAP contract, and becoming an active member of AA.
Based upon these findings, the committee determined that respondent violated Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct. The committee also determined that respondent acted knowingly; thus, according to the ABA's Standards for Imposing Lawyer Sanctions, the baseline sanction is suspension.
As aggravating factors, the committee noted respondent's substantial experience in the practice of law (admitted 1984) and his illegal conduct, including that involving the use of controlled substances. In mitigation, the committee found the following: absence of a prior disciplinary record, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, mental disability or chemical dependency including alcoholism or drug abuse, and remorse.
Because of respondent's successful rehabilitation to date, his cooperation in the disciplinary proceedings, the lack of harm to his clients, and his unblemished record over many years of practicing law, the committee recommended that respondent be suspended for three years. However, the committee also recommended that the suspension be "held in abeyance" subject to respondent's successful completion of the following conditions: respondent will enter into a LAP contract that will run for the period of the suspension; respondent will continue in AA for the period of the suspension; and respondent will successfully comply with the requirements of both programs.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings were not manifestly erroneous. The board also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board found that respondent knowingly violated duties owed to the public. However, the evidence and testimony indicate that none of respondent's clients were harmed. The board determined that the baseline sanction is suspension.
The board agreed with the aggravating and mitigating factors found by the committee; in addition, the board found the mitigating factors of interim rehabilitation,[1] timely good faith effort to rectify the *1278 consequences of the misconduct, and imposition of other penalties or sanctions.
Turning to the issue of an appropriate sanction, the board determined that the suspension recommended by the hearing committee is too lengthy, and that the court's prior jurisprudence and the numerous mitigating factors present warrant a fully deferred two-year suspension. The board further recommended that respondent be placed on unsupervised probation for two years with the same conditions as set forth by the hearing committee.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, respondent was detained by police and found to be in unlawful possession of drugs and drug paraphernalia. Clearly, this is a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
Respondent's conduct was knowing and violated duties owed to the public. However, his conduct stemmed from substance dependence which he has worked to overcome. By all accounts, respondent's efforts have been successful thus far. Moreover, as the hearing committee pointed out, respondent's clients were not harmed by his wrongful conduct, and he has an unblemished record consisting of many years of practice as a competent and well respected criminal defense attorney.
Under the unique circumstances of this case, we conclude that the sanction recommended by the disciplinary board is appropriate. Accordingly, we will suspend respondent from the practice of law for two years. We will defer the suspension and place respondent on unsupervised probation for two years, subject to the conditions recommended by the hearing committee. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and *1279 disciplinary board, and considering the record, it is ordered that Anthony Bertucci, Louisiana Bar Roll number 14080, be and he hereby is suspended from the practice of law for a period of two years. It is further ordered that this suspension shall be deferred in its entirety, and respondent shall be placed on unsupervised probation for a period of two years, subject to the conditions set forth by the hearing committee. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
JOHNSON, VICTORY and TRAYLOR, JJ., dissent and would impose a harsher sanction.
NOTES
[1] We note that the version of the ABA Standards currently in use does not include "interim rehabilitation" as a mitigating factor.