WEIMER, J.,
concurring in part; dissenting in part.
|¾1 in no way condone the conduct for which Respondent is being disciplined and concur in the finding that he should be suspended. I dissent regarding the severity of the discipline imposed, noting the hearing committee recommended respondent should be suspended for a year and a day.
To address his marijuana use, Respondent has enrolled in the Lawyers Assistance Program (LAP) and his participation in the program has been termed “exemplary.”
Character witnesses, including two judges before whom Respondent practiced, testified Respondent is a competent professional who does not pose a threat of harm to his clients or the public. The witnesses indicated Respondent’s clients seem to appreciate the work he does and have not complained about him; the witnesses would not hesitate to hire Respondent as their attorney or to refer clients to Respondent. There has been no allegation or evidence any client of Respondent was ever harmed. There was no evidence Respondent was impaired while practicing law.
In mitigation, the Hearing Committee noted the fact Respondent has never been previously disciplined; he self-reported, making a full and complete disclosure; and he had a cooperative attitude. The Disciplinary Board found his good character and reputation were mitigating factors. Respondent was never convicted of any crime. Following his arrest, there was an interim suspension for a period of approximately |2six and a half months. However, following a hearing committee recommendation, this court ordered the interim suspension dissolved.
Based on the unique facts and circumstances related to Respondent’s medical condition,[1] I believe a more limited period *736 of suspension, coupled with probation and conditions, would adequately serve the disciplinary system. See In re: Bertucci, 08-1349 (La.9/26/08), 990 So.2d 1275.

. During the interim suspension hearing, expert medical testimony acknowledged there were therapeutic uses of cannabis for the treatment of glaucoma because it lowers in-traocular pressure. Respondent testified without contradiction that a lower intraocular pressure corresponded with his marijuana use.