788 So.2d 1172 (2001)
In re Harold S. ANSELL, III.
No. 2000-OB-2662.
Supreme Court of Louisiana.
May 25, 2001.

ON APPLICATION FOR ADMISSION TO THE BAR.
PER CURIAM.[*]
Petitioner, Harold S. Ansell, III, applied to sit for the July 1999 Louisiana bar examination. The Committee on Bar Admissions opposed the application because a drug possession charge was pending against petitioner in Leon County, Florida.[1] On July 20, 1999, this court permitted *1173 petitioner to sit for the bar exam, with the condition that upon his successful completion of the exam, he may apply for the appointment of a commissioner to take character and fitness evidence. In re: Ansell, 99-2112 (La.7/20/99), 747 So.2d 34. After he was notified that he passed the exam, petitioner sought the appointment of a commissioner. However, because petitioner's application did not reflect the status of the criminal matter, this court denied his request but permitted him to reapply for the appointment of a commissioner upon disposition of the criminal charges. In re Ansell, 00-1074 (La.4/26/00), 760 So.2d 1163.
On September 21, 2000, petitioner filed a second application seeking the appointment of a commissioner. Petitioner represented that he had successfully completed the pre-trial diversion program in which he was enrolled and that the State of Florida had filed a "no information" in the criminal matter on September 15, 2000. On October 4, 2000, this court appointed the Office of Disciplinary Counsel to conduct an investigation and appointed a commissioner to take evidence concerning petitioner's character and fitness. Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law in Louisiana.
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of three years. During this period, petitioner shall comply in all respects with the conditions of admission set forth in the commissioner's recommendation dated March 30, 2001. Should petitioner fail to comply with the conditions of his admission, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
TRAYLOR, J., dissents from the order.
NOTES
[*] ROBERT L. LOBRANO participated in this decision as Associate Justice Pro Tempore.
[1] Petitioner was charged with possession of a controlled substance (MDMA), possession of less than 20 grams of marijuana, and possession of drug paraphernalia. Petitioner was accepted into a pre-trial diversion program, contingent upon monitoring by the Louisiana Lawyers Assistance Program, the payment of fees and fines, and the performance of community service. If petitioner complied with the specified conditions, the State of Florida agreed that "no criminal prosecution concerning the charge will be instituted in the county."