JAMES F. McKAY III, Chief Judge.
I,The State of Louisiana seeks review of the trial court’s ruling of January 30, 2012, which granted the defendant’s motion to quash the bill of information in this case on both statutory and constitutional grounds. We find that the State’s argument has merit and reverse the trial court’s judgment.
STATEMENT OF CASE
The State filed a bill of information on December 17, 2007, charging Devin Jones with one count of possession of cocaine, alleging that the offense occurred on September 19, 2006. Devin Jones did not appear for arraignment until February 27, 2008, when he pled not guilty. On January 9, 2009, the court denied his motion to suppress the evidence, found probable cause to hold Devin Jones for trial, and set trial for March 19, 2009. The matter was reset several times, and on June 4, 2009, Devin Jones was accepted into the diversionary program. On December 4, 2009, the court set a status hearing for June 3, 2010. Devin Jones’ participation in the diversionary program was terminated on May 28, 2010. On June 3, 2010, the court ordered that the case be transferred to Section D to follow case # 496-437.[1] Devin Jones appeared for a status hearing in Section K on June 1214, 2010, and on June 16, 2010, the case was received in Section D, with a status hearing set for June 23, 2010. Devin Jones appeared on June 23, 2010, and the court set a pretrial hearing for June 25, 2010. Devin Jones appeared on that date as well, and the court set a motion hearing for August 20, 2010. There is no minute entry for August 20, 2010, but the docket master entry for August 23, 2010, indicates that court was closed on that date, and the motion hearing was reset for September 24, 2010. Devin *1287 Jones appeared on September 24, 2010 without counsel, and the court reset the matter on defense motion to November 18, 2010. On November 18, 2010, Devin Jones appeared, and the court reset the matter for a pretrial hearing on February 4, 2011.
Devin Jones appeared on February 4, 2011, and the court set a pretrial hearing for July 12, 2011. There is no minute entry for July 12, 2011; the next entry is dated November 2, 2011, at which time Devin Jones filed a motion for speedy trial. The court set trial for January 19, 2012. Devin Jones filed his motion to quash on January 18, 2012, and he appeared at the January 19, 2012 hearing. The court reset the matter to January 30, 2012, and at that hearing, the court granted his motion to quash. The State objected and appealed this ruling.
FACTS
The facts of the underlying offense are largely unknown. From the scant references elicited during the hearing on the defendant’s motion to quash and the gist of the police report contained in the record, two officers on patrol saw the defendant sitting on a bicycle at the corner of Du-maine and N. White Streets, talking with another person. When the two men saw the approaching police vehicle, the defendant reached into his pocket, discarded a bag, and fled on his bike. The officers retrieved the bag, which contained crack cocaine, and then apprehended the defendant.
UCHRONOLOGY OF THE CASE
Because the court’s ruling was based in part on its finding that the defendant’s constitutional speedy trial rights had been violated, the following is a chronology of the case:
09/19/06 The State alleges that Devin Jones possessed cocaine.
09/20/06 Devin Jones made his first appearance in magistrate court, and the court set his bond and set a rule to show cause for 11/21/06.
11/21/06 The court reset the rule to show cause for February 22, 2007.
02/22/07 The court released Devin Jones pursuant to La.C.Cr.P. art. 701.
12/17/07 The State filed the present bill of information against Jones.
12/18/07 The case was allotted to Section K, and arraignment was set for January 9, 2008. Devin Jones filed a surety bond.
01/09/08 Devin Jones did not appear, and the court issued a capias for his arrest.
02/25/08 The court received notice of Devin Jones’ arrest.
02/27/08 Devin Jones appeared in court and pled not guilty. The court recalled the capias and set a hearing to determine counsel for 3/27/08, with notice given to Devin Jones in open court.
03/27/08 Devin Jones failed to appear, but counsel appeared and waived his presence. The court set a motion hearing for 5/30/08.
05/30/08 Devin Jones appeared with counsel, and the court continued the motion hearing on defense motion to 7/25/08, with notice given to Devin Jones in open court.
07/22/08 The docket master indicates that the court set a status hearing for 8/1/08, with notice to be mailed to Devin Jones.
07/25/08 Neither Devin Jones nor his counsel appeared, but the minute entry indicates that the matter was continued on defense motion to 8/22/08.
08/01/08 No parties appeared because the matter was previously reset.
*1288 08/22/08 Devin Jones appeared with counsel, and the court continued the hearing on the State’s motion to 10/3/08, with notice given to Devin Jones in open court.
10/03/08 Devin Jones did not appear, but his counsel did, and the court reset the hearing to 12/5/08, with notice to be mailed to Devin Jones.
1412/05/08 Devin Jones failed to appear, and the court issued a capias for his arrest. The court granted a State continuance to 1/9/09, with notice to be mailed to Devin Jones.
01/06/09 The docket master entry indicates that Devin Jones was released on an ROR bond on 1/4/09, and the court recalled the capias.
01/09/09 The court held the motion hearing, denied Devin Jones’ motion to suppress the evidence, found probable cause to hold him for trial, and set trial for 3/19/09, with notice given to Devin Jones in open court.
03/19/09 Devin Jones appeared, and his counsel withdrew. The court appointed OPD to represent him, and it granted the defense motion for continuance, setting a pretrial conference for 4/9/09.
04/09/09 Devin Jones appeared, and the court set trial for 5/27/09.
05/06/09 The docket master indicates that the trial date of 5/27/09 was reset to 6/4/09.
05/27/09 Devin Jones appeared, and the court notified him that trial was reset for 6/4/09.
06/04/09 On joint motion of the State and defense, the court reset the matter for a pretrial heai'ing on 6/18/09, and Devin Jones was notified in open court of this hearing.
06/18/09 Devin Jones did not appear. The court set a diversion review hearing for 12/1/09, with notice to be sent to Devin Jones.
12/01/09 Devin Jones did not appear. The court reset the diversion review hearing for 12/2/09.
12/02/09 Devin Jones did not appear, but his counsel did. The court reset the diversion review hearing for 12/3/09.
12/04/09 The docket master indicates that Devin Jones was accepted into the diversion program, and the court set a status hearing for 6/3/10, with notice to be sent to Devin Jones.
06/03/10 The case was transferred to Section D to follow case #496-437.
06/14/10 Devin Jones appeared in Section K for a pretrial conference. The court reset the matter to 6/16/10.
06/16/10 The case was received in Section D, and the matter was set for a status hearing on 6/23/10, with notice to be mailed to Jones.
06/23/10 Devin Jones appeared with counsel, and the court set a pretrial hearing for 6/25/10.
| r,06/25/10 Devin Jones appeared with counsel, and the court set a hearing on motions for 8/20/10.
08/23/10 There is no docket master entry for 8/20/10, but the entry for this date notes that court was cancelled, and the court reset motions for 9/24/10.
09/24/10 Devin Jones appeared without counsel; the court reset the motion hearing on defense motion to 11/8/10.
11/18/10 Devin Jones and his counsel appeared, and the court set a pretrial hearing for 2/4/11.
02/04/11 Devin Jones and his counsel appeared, and the court reset the pretrial hearing for 7/25/11.
11/02/11 There are no docket master entries until 11/2/11, when Devin *1289 Jones appeared and filed a motion for speedy trial. The court set trial for 1/19/12.
01/18/12 Devin Jones filed his motion to quash.
01/19/12 Devin Jones and his counsel appeared, and the court set the hearing on the motion to quash for 1/30/12.
01/30/12 The court granted Devin Jones’ motion to quash.
DISCUSSION
The trial court granted the defendant’s motion to quash the charge against him on both statutory and constitutional grounds. The State argues that the court erred in both rulings. With respect to the statutory grounds, the State argues that due to interruptions and suspensions of the time limitations of La.C.Cr.P. art. 578, the State still had time to prosecute the defendant at the time that he filed his motion to quash. The State further argues that the defendant did not prove that his constitutional right to a speedy trial was violated.

The Statutory Limitations

As per La.C.Cr.P. art. 572, the State must file a bill of information within four years of the commission of an offense that is punishable with or without hard labor. The State charged the defendant with possession of cocaine, for which he could be sentenced to imprisonment with or without hard labor. The State alleged |fithat the offense in this case occurred on September 19, 2006, and it filed the present bill of information on December 17, 2007, well within the four years permitted by art. 572.
In addition to the time limitations set forth in art. 572, the State had two years from the filing of the bill of information in which to bring the defendant to trial, as per La.C.Cr.P. art. 578. The State filed the bill on December 17, 2007. The defendant filed his motion to quash on January 18, 2012, more than four years later. However, the State argues that part of this period was suspended or interrupted and does not count in the two-year computation. It points to La.C.Cr.P art. 579, which provides in part: “A. The period of limitation established by Article 578 shall be interrupted if: ... (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.” It also points to La.C.Cr.P. art. 580 A, dealing with suspension of the time limitations, which provides: “When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.”
Once the time limitations set forth in La.C.Cr.P.art. 578 have expired, the trial court shall dismiss the charge upon the defendant’s filing of a motion to quash the bill. La.C.Cr.P. art. 581. As noted by this court in State v. Bell, 2002-2349, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434: “When a defendant brings an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation such that prescription will not have tolled. State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286; see also State v. Brent, 2000-0072, p. 6 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 569.”
Here, with respect to interruption of the time limitations, the defendant first failed to appear for arraignment on January 9, 2008, but the State made no showing at the *1290 hearing on the defendant’s motion to quash that the defendant had actual notice of arraignment. At the time that the bill was filed, the defendant had been released from his bond obligation ten months before due to the State’s failure to file charges against him. The defendant next failed to appear on December 5, 2008, but again the State failed to show that he had notice of the hearing. He next failed to appear in court on June 18, 2009 for a pretrial hearing, and the minute entry of June 4, 2009, shows that he received notice in open court of the June 18 hearing. However, by this point, the defendant had been accepted into the diversionary program, and the State could not try him while he was in the program.
Moreover, as noted by the State, when the defendant entered the diversionary program, he signed a waiver that acknowledged that the time limitation for trying him was interrupted while he was in the program and would begin to run anew if he failed to complete the program successfully or withdrew from the program.[2] The record also contains the defendant’s discharge summary from the program, which noted that he did not successfully complete the program, and the program terminated on May 28, 2010. Thus, contrary to defense counsel’s argument at the motion to quash hearing, the defendant knew when he entered the diversionary program that the time limitations for his trial would be interrupted and would begin anew if he did not successfully complete the program. Because he was terminated from the program on May 28, 2010, the State would have had until | sMay 28, 2012 to try him. The defendant filed his motion to quash on January 18, 2012, before the expiration of this time period.
When the State pointed out this waiver at the hearing, the court found that the fact that a defendant enters into a diversionary program does not mean that he waives his “prescription rights.” However, the court then immediately noted that it thought that keeping this case open from 2006 to 2012 was too long and that there was “basic constitutional problems with this case.” It is absurd to charge against the State any time that a defendant spent in the diversionary program, when the State could not try the defendant. In fact, the defendant’s time in the diversionary program fits within La. C.Cr.P. art. 580 A(2), which provides that the time limitations of La.C.Cr.P.art. 578 are interrupted if: “The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.” Thus, his participation in the program interrupted the two-year time limitation of La.C.Cr. P.art. 578, which did not begin to run anew until May 28, 2010, less than two years before the defendant filed his motion to quash. Thus, we find that there was no basis for the court to quash the bill of information in this case on statutory grounds.

The Constitutional Right to a Speedy Trial

The court also found that the defendant’s constitutional right to a speedy trial was violated because of the delay in the State’s efforts to bring him to trial. In State v. Scott, 2006-1610, p. 5 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 729, this Court discussed the standard for evaluating a constitutional speedy trial claim:
*1291 The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93 [33 L.Ed.2d 101] (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s 19assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State v. Batiste, 05-1571, p. 7 (La.10/17/06), 939 So.2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Id. (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
The first of the four Barker v. Wingo factors, the length of the delay, is the “triggering mechanism,” and if the length of the delay is not “presumptively prejudicial,” the court need not inquire into the other three Barker factors. See State v. Brown, 2011-0947 (La.App. 4 Cir. 3/7/12), 88 So.3d 662; State v. Scott, 2004-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843; State v. Santiago, 2003-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. The defendant has the burden of showing a violation of his constitutional right to speedy trial. As noted in Scott, “Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531 [92 S.Ct. 2182].” Scott, 2004-1142 at p. 12, 913 So.2d at 851. In State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206, the Court stated: “Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” See also State v. Harris, 2003-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16.
Here, the length of delay between the date of the offense, September 19, 2006, and the filing of the defendant’s motion to quash, January 18, 2012, was a little under five and a half years. The defendant is charged with simple possession of cocaine, for which he is subject to a sentence of not more than five years. Thus, linthe delay is presumptively prejudicial; as such we turn to the other three Barker factors.
The second factor is the reasons for the delay. A review of the minutes of the ease shows that the delays in this case are attributable to the State, the defendant, and the court itself. As noted above, the defendant failed to appear three times (January 9, 2008; December 5, 2008; and June 18, 2009). The defense moved to continue proceedings on May 30, 2008; July 25, 2008; March 19, 2009; and September 24, 2010. The State moved for a continuance on August 22, 2008. The trial court itself continued the matter several times as well. In addition, the defendant was in the diversionary program from June 4, 2009 to May 28, 2010, and the State could not bring him to trial during that time. Thus, the majority of the delays were not the product of non-diligence on the part of the State.
With respect to the invocation of his right to a speedy trial, the defendant filed his motion for speedy trial on November 2, 2011, a little over two months before he filed his motion to quash.
The final factor that the defendant had to show was prejudice. At the hearing on the motion to quash, defense counsel noted *1292 that the length of time that it took the State to take the defendant to trial prejudiced him because he lost the opportunity to question one of the two officers who arrested him for the present offense. Counsel noted that the officer had been since fired from N.O.P.D. for untruthfulness, and the remaining officer testified at the 2009 motion hearing that he did not independently remember the arrest and was testifying from the police report. Counsel argued that the defendant’s right to confrontation was seriously damaged by the length of the delay in taking him to trial in that the only witness likely to testify at his trial has indicated that he does not remember the arrest.
|nThe court found that the defendant showed sufficient prejudice to support his claim that his constitutional right to a speedy trial has been violated. We disagree with the trial court’s ruling, and find that the court abused its discretion by so finding. Despite the fact that a little under five and a half years elapsed from the date of the offense until the defendant filed his motion to quash, and the maximum sentence to which he is exposed is five years approximately a year of this delay is attributable to the defendant’s participation in the diversionary program.
CONCLUSION
The trial court erred by granting the motion to quash on statutory prescription grounds and in finding that the delay in bringing the defendant to trial violated his constitutional right to a speedy trial. Accordingly, we reverse the trial court’s ruling, reinstate the charge, and remand the case for further proceedings.
REVERSED
BELSOME, J., concurs and assigns reasons.

. Devin Jones was charged in case # 497-437 on April 29 with one count of second degree murder. The State nolle prosequied this case on November 2, 2011.

. The defendant signed the Diversionary Program Agreement of Conditions on June 4, 2009.