JOY COSSICH LOBRANO, Judge.
|, On October 13, 2009, the defendant, Maurice Q. Dillon, was charged by bill of information with one count of aggravated incest, a violation of La. R.S. 14:78.1. On November 5, 2012, the defendant filed a motion to quash, contending that the two-year time limitation pursuant to La. C.Cr.P. art. 578(A)(2) had expired and that the defendant had remained in custody during this entire time period. On November 8, 2012, the State filed an opposition to the defendant’s motion to quash. After a hearing on November 8, 2012, the *1145 trial court granted the defendant’s motion to quash. The State now appeals.'
In its sole assignment of error, the State contends that the trial court abused its discretion in granting the defendant’s motion to quash. The underlying facts in this case are not relevant to this appeal.
“As noted by this court in State v. Bell, 02-2849, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434: “When a defendant brings an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation such that prescription will not have tolled.’ ” State v. Jones, 12-0653, pp. 6-7 (La.App. 4 Cir. 2/6/13), 107 So.3d 1285, 1289 (citing State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286; State v. Brent, 00-0072, p. 6 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 569).
Pursuant to La.C.Cr.P. art. 578(A)(2), the State has two years from the date of the institution of the prosecution to commence trial for a non-capital felony charge.[1] However, according to La. C.Cr.P. art. 580, if a defendant files a motion to quash or any other preliminary plea, the running of time limits pursuant to La. C.Cr.P. art. 578 is suspended until a ruling from the trial court is made, and the State has no less than one year after the date of the ruling to commence trial. La. C.Cr.P. art. 580 states as follows:
A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. The periods of limitation established by Article 578 shall also be suspended if the court- grants a continuance in accordance with the provisions of Paragraph B of Article 709.[2]
| %See also State v. Brazile, 06-1611, p. 3 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 335 (“Preliminary pleas that suspend the running of the prescriptive period under article 580 include motions to suppress evidence, motions for preliminary hearing, motions for continuance filed by defendant, and joint motions for continuance.”).
The Brazile Court also recognized that a continuance by the trial court due to a trial in progress will suspend the matter *1146 for the State until the matter is reset on the trial court’s docket:
As the trial court pointed out at the hearing on the motion to quash, those time delays are often misconstrued given the fact that it is the State who has control of the rescheduling of the matter. As such, a continuance by the court due to a trial in progress will give the State a suspension until it resets the matter on the court’s docket. Under those circumstances, the State has the ability to manipulate the prescriptive period in which to bring the case to trial. Although the trial court discussed this in his reasons for granting the motion to quash, the issue is not an issue for this court but one that should be addressed by the Legislature. This court is bound by the statutes as presently written and thus must determine what, if any, suspension and/or prescription occurred, whether through continuances, motions or the effects of Hurricane Katrina.
Brazile, 06-1611, pp. 3-4, 960 So.2d at 335; see also State v. Thomas, 10-0528, p. 36 (La.App. 4 Cir. 7/15/10), 54 So.3d 1, 21.
In this case, a review of the minute entries evidences that the defendant was charged by bill of information on October 13, 2009. On November 13, 2009, |4counsel for the defendant appeared and waived the defendant’s presence. Probable cause was found and trial was set for March 8, 2010. On January 29, 2010, a discovery hearing was continued until February 23, 2010, and trial remained set for March 8, 2010. From February 23, 2010 through October 25, 2010, both the discovery hearing and the trial date were continued on numerous occasions pursuant to a request by the State or the defendant, or pursuant to the State’s assertion that another trial was in progress.
On October 25, 2010, the defendant appeared without counsel for trial. After an oral motion was made by the defense, the trial court granted a continuance, and a pre-trial conference was set for October 26, 2010. On October 26, 2010, the defendant did not appear,[3] and the pre-trial conference was reset for November 3, 2010. On November 3, 2010, the defendant and his counsel appeared, and the trial date was set for February 7, 2011. On February 7, 2011, counsel for the defendant appeared, but the defendant was not brought to court by the sheriff, and a continuance was sought by the State because of a trial in progress in case 491-197. The trial court noted the defense’s objection and continued the trial to April 5, 2011.
On February 17, 2011, the defendant did not appear, and the trial date was reset for April 4, 2011, with a notation to disregard the April 5, 2011 trial date. On March 21, 2011, counsel for the defendant appeared on behalf of the defendant, and a notation was made to disregard all previously set trial dates and to reset the trial for April 11, 2011.
|aOn April 11, 2011, the defendant and his counsel appeared for trial. The minute entry indicates that “the State elected to try case 490-046 first,” and trial was again continued until April 12, 2011. On April 12, 2011, the defendant and his counsel appeared for trial. Although the trial was continued until April 13, 2011, no reason is stated on the minute entry, and the minute entry does not indicate which party moved for the continuance. On April 13, 2011, the defendant and his counsel appeared for trial, but trial was continued to April 14, 2011, again with no explanation for the continuance or any indication as to which party moved for a continuance. On April 14, 2011, the defendant and his counsel *1147 appeared for trial, at which time counsel for the defendant orally moved for bond reduction. The motion was denied, and the trial was continued to June 20, 2011 without an indication of which party requested the continuance.
On June 20, 2011, counsel for the defendant appeared, but the defendant was not brought to court by the sheriff. Pursuant to an oral motion by the State, the trial was again continued to August 28, 2011 due to a trial in progress in case 505-025. The trial court noted the defense’s objection. A pre-trial conference was scheduled for June 24, 2011, but on that date, the defendant was not brought to court by the sheriff, and trial was reset for September 19, 2011.[4]
On September 19, 2011, the defendant was not brought to court by the sheriff. After an oral motion by the State, trial was continued to November 7, 2011, over the defense’s objection, due to a trial in progress in case 506-481. On November 7, 2011, the defendant was not brought to court by the sheriff. After an oral motion by the State, trial was continued to December 5, 2011, over the 1 ^defense’s objection, due to a trial in progress in case 500-013. On December 5, 2011, counsel for the defendant appeared and waived the defendant’s presence, and the trial was again continued after an oral motion by the State to March 7, 2012 due to a trial in progress in case 509-527. The trial court noted the defense’s objection.
On March 7, 2012, the defendant was not brought to court by the sheriff, and over the defense’s objection, the trial court granted the State’s oral motion for a continuance due to a trial in progress in case 502-360.[5] Trial in the matter was reset for June 4, 2012. On June 4, 2012, the defendant was not brought to court by the sheriff, and over the defense’s objection, the trial court granted the State’s oral motion for a continuance and reset the trial for August 14, 2012. The June 4, 2012 minute entry does not indicate that the motion for continuance was due to a trial in progress on this date. On August 14, 2012, the defendant was not brought to court by the sheriff, and over the defense’s objection, the trial was again continued to November 5, 2012 due to a trial in progress in case 508-998.[6]
On November 5, 2012, the defendant and his counsel appeared for trial. The State orally moved for a continuance, which the trial court granted over the defense’s objection. No reason is stated in the minute entry for the continuance. At that time, the defendant filed a motion to quash, which the trial court subsequently granted after a hearing on November 8, 2012.
The State contends that at the time the motion to quash was filed, the State had until November 5, 2013 to commence trial, because each of the continuances of the trial date due to trials in progress suspended prescription. Additionally, the 17State notes that any continuances by the defense suspended prescription. On August 14, 2012, the trial court continued the defendant’s trial date to November 5, 2012 due to a trial in progress, and accordingly, the State submits that it had one year from that date, or until November 5, 2013, to commence trial. Therefore, the State contends that the defendant’s motion to quash was premature at the time it was filed and was improperly granted by the *1148 trial court. Furthermore, the State argues that the defendant failed to demonstrate that his Sixth Amendment right to a speedy trial had been violated.
The defendant in this case did not allege that his constitutional speedy trial right had been violated. The defendant’s motion to quash was based solely on the contention that the two-year time limitation of La.C.Cr.P. art. 578(A)(2) had expired. Thus, the constitutional speedy trial issue was not properly before the trial court, and is therefore not properly before this Court.[7]
This Court has recognized that “[t]he governing standard of review of a district court’s ruling on a motion to quash is the abuse of discretion standard.” State v. Brown, 11-0947, p. 4 (La.App. 4 Cir. 3/7/12), 88 So.3d 662, 665 (citing State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07). In this case, at the time the motion to quash was filed, approximately three years had elapsed from the date of the filing of the bill of information without the defendant being brought to trial. The trial court reviewed the minute entries on the record at |sthe hearing on the motion to quash and noted that eight continuances were granted due to a trial in progress by the State, and one continuance was granted to the State without a specified reason. After reviewing the relevant minute entries, the trial court granted the motion to quash.
Considering this Court’s decisions in Brazile, 06-1611, p. 3, 960 So.2d at 335 (“a continuance by the court due to a trial in progress will give the State a suspension until it resets the matter on the court’s docket”) and Thomas, 10-0528, p. 36, 54 So.3d at 21 (same), we conclude that each of the State’s continuances due to a trial in progress operated to suspend the time limitations in which to bring the defendant to trial. Because the trial court granted the State a continuance on August 14, 2012 due to a trial in progress, and scheduled the trial to commence on November 5, 2012, the trial court’s ruling that granted the defendant’s motion to quash on November 8, 2012 was an abuse of discretion.
For the reasons stated above, we reverse the trial court’s judgment granting the motion to quash and remand this matter for further proceedings.
REVERSED AND REMANDED.

. La.C.Cr.P. art. 578 provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

. La.C.Cr.P. art. 709 provides:
A. A motion for a continuance based upon the absence of a witness shall state all of the following:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial.
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
B. In addition to the requirements set forth in Paragraph A of this Article, when the motion for continuance is based upon the absence of a witness who is in the armed forces, the moving party, either the district attorney or the defense counsel, shall attest to facts showing that the absent witness is on active military duty in the United States Armed Forces.

. The minute entry does not indicate whether counsel for the defendant appeared.

. The minute entry indicates that although counsel for the defendant appeared on August 23, 2011, the matter was set in error, and the trial date remained September 19,2011.

. Counsel for the defendant also moved for a bond reduction at that time, which was denied.

. On this date, the trial court also reduced the defendant's bond and signed a bail order.

. We note that in the recent case of State v. Mathews, 12-0182 (La.App. 4 Cir. 2/6/13), 109 So.3d 984, this Court held that a trial court properly found that defendants' constitutional speedy trial right had been violated in granting a motion to quash even though the defendants failed to raise the right to a speedy trial in a written motion to quash. In Mathews, although the speedy trial claim was not presented in writing, it was orally asserted by defendants at the hearing on the motion to quash. In this case, the record is void of a showing that the defendant asserted a constitutional speedy trial claim either in a written document or orally before the court. For that reason, the Mathews case is distinguishable and has no application to the instant case.