JOY COSSICH LOBRANO, Judge.
liThe State of Louisiana appeals a trial court judgment granting defendant Desmond Pierre’s motion to quash a bill of information on the ground that his constitutional right to a speedy trial was violated. For the reasons that follow, we reverse and remand the case for further proceedings.
The underlying facts of defendant’s case are not relevant to this appeal. The following chronology of events is taken from the docket master and minute entries in the record.
On December 3, 2004, the State filed a bill of information charging defendant with one count of possession of stolen property valued over one thousand ($1,000) dollars. On December 29, 2004, after defendant failed to appear for arraignment, the trial court issued an alias capias for his arrest. Defendant was arrested on February 6, 2007, and pled not guilty at his arraignment on February 15, 2007.
Following a preliminary hearing and a hearing on a motion to suppress on July 30, 2007, the trial court found no probable cause and denied the motion to suppress. The trial court also set a trial date of August 22, 2007.
| ¡¡Defendant appeared in court on August 22, 2007, only to learn that the trial had been scheduled in error. The trial court *683 then scheduled a motions hearing for October 5, 2007.
Defendant failed to appear in court on October 5, 2007. On that date, the trial court scheduled a pretrial conference for October 9, 2007. Defendant appeared in court for the pretrial conference on October 9, 2007, but the trial court remanded him to the custody of the Orleans Parish Sheriff after he tested positive for drugs. The trial court rescheduled the pretrial conference for October 11, 2007. On October 11, 2007, defendant appeared in court with counsel. At that time, the trial court ordered defendant’s release and notified him in open court that the pretrial conference was rescheduled for October 16, 2007.
After defendant failed to appear in court on October 16, 2007, the trial court issued an alias capias for his arrest and scheduled a bond forfeiture hearing for November 6, 2007. On November 6, 2007, defendant failed to appear at the bond forfeiture hearing and the trial court continued the hearing to November 12, 2007. The court was closed on November 12, 2007, and the hearing was continued to November 26, 2007.
The defendant failed to appear for the bond forfeiture hearing on November 26, 2007, forcing the trial court to continue the matter again to January 8, 2008. When defendant failed to appear in court on January 8, 2008, the trial court granted the bond forfeiture.[1]
|sOn February 6, 2013, defendant appeared in court for a hearing to determine counsel and informed the trial court that he had been incarcerated.[2] The trial court granted defendant a recognizance bond, recalled the alias capias, and continued the hearing to determine counsel to February 22, 2013.
Defendant appeared in court on February 22, 2013 with counsel, and the trial court scheduled a preliminary hearing on motions for March 18, 2013. On March 18, 2013, the trial court, upon a joint motion by the State and the defense, continued the hearing until April 17, 2013. Although defendant appeared in court on April 17, 2013, the trial court granted the State a continuance until April 24, 2013.
On April 24, 2013, defendant appeared with counsel for the preliminary hearing. Following the hearing, the trial court found probable cause and set the case for a trial on May 30, 2013.
On May 24, 2013, defendant filed the motion to quash, asserting a violation of his Sixth Amendment right to a speedy trial. The State filed an opposition to the motion on July 9, 2013. The trial court scheduled a hearing on the motion for July 12, 2013. Defendant appeared in court on July 12, 2013, but the trial court continued the hearing to July 17, 2013, upon a joint motion by the parties.
On July 17, 2013, defendant appeared in court. At the conclusion of the hearing, the trial court granted the motion to quash.
The State appeals arguing that the trial court abused its discretion in granting the motion to quash because defendant’s con *684 stitutional right to a speedy trial was not violated.
La.C.Cr.P. art. 578(A) provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of prosecution. Upon expiration of the time period, the court shall, upon motion of the defendant prior to trial, dismiss the indictment. La.C.Cr.P. art. 581. The two-year time limitation should be given effect and mandate dismissal, “unless the State carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.” State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286. “The purpose of the statute’s mandating dismissal, when legislative time limits have elapsed, is to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” Id.
In addition to the statutory time limits, the Sixth Amendment of the United States Constitution guarantees the right of the defendant to a speedy trial. U.S. Const. Amend. VI. “The constitutional right to a speedy trial is imposed upon the states by the Due Process Clause of the Fourteenth Amendment.” State v. Batiste, 2005-1571, pp. 6-7 (La.10/17/06), 939 So.2d 1245, 1250 (citing Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967)). The underlying purpose of the constitutional right to a speedy trial is to protect a defendant’s interest in preventing pretrial incarceration, limiting possible impairment of his defense, and minimizing his anxiety and concern. Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972).
In Barker, the United States Supreme Court enunciated four factors for courts to consider in determining whether a defendant’s right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the | r,defendant as a result of the delay. Id. at 530, 92 S.Ct. at 2192-93; see also State v. Reaves, 376 So.2d 136 (La.1979) (adopting the Barker factors). “The circumstances of a case will determine the weight to be ascribed to the length of and reason for the delay.” Batiste, 2005-1571, p. 7, 939 So.2d at 1250. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Reaves, 376 So.2d at 138 (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192). “The first of the four Barker factors, the length of the delay, is the ‘triggering mechanism,’ and if the length of the delay is not presumptively prejudicial,’ the court need not inquire into the other three Barker factors.” State v. Jones, 2012-0653, p. 9 (La.App. 4 Cir. 2/6/13), 107 So.3d 1285, 1291 (citations omitted). “The defendant has the burden of showing a violation of his constitutional right to a speedy trial.” Id.
The granting of a defendant’s motions to quash the bill of information is a discretionary ruling by the trial court, and absent an abuse of its discretion, the ruling should not be disturbed by the appellate court. See State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
In this case, the trial court gave her reasons for quashing the bill of information in a lengthy, written judgment. Tracking the Barker factors, the court found the first factor, the length of the delay between the filing and the quashing of the bill of information, had crossed the threshold dividing “ordinary” delay and “presumptively prejudicial” delay due to the State’s inaction. Citing Doggett v. *685 U.S., 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) and State v. Ervin, 2008-1078 (La.App. 4 Cir. 4/1/09), 9 So.3d 303, 307, the court considered the complexity and seriousness of the crime in examining the length of the delay. The court, finding the illegal possession of a stolen automobile to be “an ordinary | (¡street crime” rather than a complex or violent crime, concluded the nine and one-half year delay in bringing defendant to trial was presumptively prejudicial.
The State concedes that a delay of nine and one-half years is presumptively prejudicial. Also, “depending on the nature of the charges, the lower courts have generally found post-accusation delay ‘presumptively prejudicial’ at least as it approaches one year.” Doggett, 505 U.S. at 652, 112 S.Ct. at 2691, n. 1 (citations omitted). Therefore, we find the trial court did not abuse its discretion by finding that the first Barker factor was met.
Next, the trial court considered the second factor (the reasons for the delay) to be the most significant, citing Ervin, supra, State v. Dyer, 2006-0619 (La.7/11/06), 933 So.2d 788, 791, and U.S. v. Loud Hawk, 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986). The court noted that “the ultimate responsibility” for bringing the case to trial rested “with the government rather than with the defendant.” Pointing out that defendant was actually in State custody during a thirty-month period he was allegedly “at large” (October 16, 2007 until February 7, 2013), the trial court concluded defendant was not responsible for the delays as a result of missed court appearances during those months. The trial court concluded the State committed “official negligence” by delaying the case while defendant was in State custody and by failing to notify other parishes of the outstanding Orleans Parish arrest warrant.
After reviewing the record, we disagree with the trial court’s conclusion that the State was responsible for the delays in this case. In State v. Romar, 2007-2140 (La.7/1/08), 985 So.2d 722, the Louisiana Supreme Court, resolving a split [7among the circuit courts, considered whether La. C.Cr.P. art. 579(A)[3] imposed an affirmative duty on the State to search for a defendant who had failed to appear for trial after receiving actual notice, even though the State could have found defendant when he renewed his driver’s license with his new address and paid for utilities. The Court stated:
We agree with the First and Third Circuits that La.C.Cr.P. art. 579(A)(3) does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice. The 1984 amendment of La.C.Cr.P. art. 579 made a defendant’s contumacious failure to appear for trial after receiving notice, a direct contempt of court, La.C.Cr.P. art. 21(A)(1), a ground of interruption of the time limits in La.C.Cr.P. art. 578 for bringing him to trial, without regard to whether he thereby intended to avoid prosecution altogether by rendering himself a fugitive from justice, or wheth *686 er he had otherwise placed himself beyond the control of the state to secure his presence for trial.
Romar, 2007-2140, p. 6, 985 So.2d at 726. The Court reiterated its holding that the State has no affirmative duty to monitor the status of an arrest warrant issued for a defendant in State v. Baptiste, 2008-2468, p. 1 (La.6/23/10), 38 So.3d 247. Also, any continuance by the trial court due to its improper scheduling of a court date will suspend the matter for the State until the matter is properly reset on the trial court’s docket. See State v. Dillon, 2013-0234 (La.App. 4 Cir. 9/18/13), 124 So.3d 1144 and State v. Thomas, 2010-0528 (La.App. 4 Cir. 7/15/10), 54 So.3d 1.
The record reveals that from defendant’s failure to appear at his arraignment on December 29, 2004, until his arrest on February 6, 2007, seven hundred sixty-nine (769) days had elapsed. Also, although defendant had prior notice, he did not appear in court on October 16, 2007, and did not return to court until February 6, 2013, a period of one thousand nine hundred forty (1,940) days or approximately five years and three months. Thus, a total delay of two thousand seven hundred nine (2,709) days is attributed solely to the defendant. As for the period between defendant’s arrest on February 6, 2007, until his failure to appear in court on October 16, 2007, several of the delays are attributed to either the court or the defense. The record discloses the trial court scheduled the August 22, 2007 court date for a pretrial conference in error. The court rescheduled the matter for October 5, 2007, but defendant did not appear on that date. The trial court continued the pretrial conference to October 9, 2007. When defendant appeared in court on October 9, 2007, he tested positive for drugs and was remanded into custody, necessitating another continuance until October 11, 2007. The State was not responsible for these delays. When defendant appeared on October 11, 2007, the court gave him notice of the October 16, 2007 hearing date. After defendant failed to appear for the pretrial conference on October 16, 2007, the trial court issued an alias capias for his arrest. Because the State had no duty to inform the other parishes of the outstanding warrant from Orleans Parish, the defendant, rather than the State, is responsible for any delays that occurred as a result of his failure to appear between October 16, 2007 and February 6, 2013. After February 6, 2013, the State requested a continuance one time and the State and the defense | Requested a joint continuance twice. Given that there were substantial periods of time between December 29, 2004 and February 6, 2013, when defendant was not in state custody and should have appeared in court, we find the second Barker factor has not been satisfied.
Turning to the third factor, whether defendant asserted his right to a speedy trial, the trial court found that defendant did not assert the right to a speedy trial before May 24, 2013, because he effectively was denied an opportunity to do so during his thirty-month incarceration. The court also found that defendant was not on notice that the charge was still pending during that time.
The record indicates defendant never asserted his right to a speedy trial prior to filing the motion to quash on May 24, 2013. Although incarcerated for part of the time, defendant was fully aware of the pending charge and had the opportunity to file a motion with the court to exercise his right to a speedy trial. The trial court erred in concluding otherwise. The third Barker factor has not been met.
Finally, as to the fourth Barker factor, whether the delay resulted in prejudice to defendant, the trial court found that the *687 State failed to demonstrate “reasonable diligence” in bringing defendant to trial and the delay resulted in prejudice to the defendant, citing Ervin, 2008-1078, p. 7, 9 So.3d 803, 309.
We find the trial court’s reliance on Ervin is misplaced. In Ervin, defendant Ervin’s case was continued twelve times because Ervin, who was incarcerated, was not transported to court. The Court found the State responsible for the delays because the State had previous knowledge that defendant was in the custody of Orleans Parish. Id. In this case, nothing in the record indicates that State was aware the defendant was in the custody of the Department of Corrections or a local sheriff prior to his reappearance in court. Also, unlike here, Ervin did not involve | ina defendant who failed to appear for a court hearing after receiving actual notice of the hearing. Defendant in this case has failed to allege any prejudice, such as the loss of witnesses, due to the delay. Although the trial court noted that the photographs of the stolen vehicle taken by the police were destroyed in Hurricane Katrina, it acknowledged the State was not responsible for their loss. Since defendant has failed to specify how he was prejudiced as a result of the delay, the fourth Barker factor does not support the trial court’s conclusion that his right to a speedy trial was violated.
In summary, the record does not support the trial court’s quashing of the bill of information, as defendant has not satisfied his burden of showing that the State violated his constitutional right to a speedy trial. Thus, we find the trial court abused its discretion in granting defendant’s motion to quash the bill of information against him.
Accordingly, for the above reasons, we reverse the trial court’s judgment that granted the motion to quash and remand the matter for further proceedings.
REVERSED AND REMANDED.

. The record indicates the State introduced into evidence the commercial surety bond and the subpoenas that were issued to the defendant and the surety.

. The trial court found that defendant was incarcerated in the St. Charles Parish Correctional Center on the following dates: January 9, 2010 until January 10, 2010 (1 day); January 29, 2010 until January 31, 2010 (2 days); March 22, 2010 until November 17, 2010 (7 months, 26 days); January 7, 2011 until January 9, 2011 (2 days); January 14, 2011 until January 15, 2011 (1 day); March 20, 2011 until January 25, 2013 (22 months, 5 days).

. La.C.Cr.P. art. 579 provides, in part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1)The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.