PAUL A. BONIN, Judge.
| Leslie Brown was charged by bill of information with the crime of possession of marijuana, third offense, which is a felony. Later, the district attorney agreed to nolle prosequi the charge in order to permit Mr. Brown to enter the district attorney’s pretrial diversionary program'. “Typically,” according to Mr. Brown’s counsel alluding to a conversation with the trial judge, a defendant in Orleans Parish, as a condition of diversion, agrees to “waive prescription” in the event that he fails the program and the district attorney wishes to re-institute prosecution.
Apparently, upon Mr. Brown’s failure to satisfactorily complete the pretrial diversionary program, the district attorney reinstituted the felony charge. But as a result of difficulties effecting service on Mr. Brown, Mr. Brown did not appear for his' arraignment until more than two years after the re-institution of prosecution. At that time Mr. Brown filed a motion to quash on the ground that the time limitation on the commencement of trial had expired. Following a perfunctory argument by defense counsel and no argument from the prosecutor, the trial judge | ¡.denied the motion. Mr. Brown then entered a plea of guilty as charged under State v, Crosby, by which he reserved his right to appeal the denial of the motion to quash.[1] Following sentencing, Mr. Brown timely filed his motion for appeal.
Ordinarily, we would review the trial judge’s ruling under an abuse-of-discretion standard. But here, we find from the record of the hearing on the motion to quash that the hearing was prematurely terminated and the resulting record is too scant for us to properly determine the merits of the, motion to quash. In order for us to decide this appeal on the record of the hearing, it would be necessary, for us either to infer a sufficient waiver of the defendant’s right to a speedy trial in order to uphold the ruling, or to deprive the prosecution of an opportunity to carry its burden to, prove .that the limitations period on commencement of trial had been interrupted.,or suspended in order to reverse.
Therefore, instead, we vacate the ruling on the motion to quash and remand the matter, with instructions, in order to reopen the hearing on the defense’s motion to quash so that all issues raised by the motion itself and by the prosecution on appeal may be heard, considered, and decided by the trial judge.
We briefly explain our decision below.
Ji
Mr. Brown was arrested on January 5, 2012 for possession of marijuana, third offense. The penalty for this offense is, in *270 part,- imprisonment with or without hard labor for not more than two years. See La. R.S. 40:966 E(l)(c)(i). Because of the penalty provision, the offense is classified as a felony. See La. R.S. 14:2 A(4) (“ ‘Felony5 .is any crime for which an offender may be sentenced to death or imprisonment at hard labor.”); The general rule for the time limitation for the institution of prosecution for a felony “not 'necessarily punishable by imprisonment at hard labor” is four years after the commission of the offense. La. C.Cr,P. art. 672 A(2), And the general rule for time limitation on the commencement of trial for a non-capital felony charge is two years from the date of institution of prosecution. See La. C.O.P: art. 678 A(2).
Here, although there is no question that both the initial'bill of information and the re-instituted bill of information were timely filed, see La. C.Cr.P. art. 576,'there’is also no question that the trial did not commence within two years of the filing of the re-instituted bill of information. 'Mr. Brown timely filed his motion to quash by which he explicitly asserted that his constitutional and statutory rights to a speedy trial have been violated. See State v. Reaves, 376 So.2d 136, 137 (La.1979) (a defendant may raise a claim of denial of his federal and state constitutional speedy trial rights by a motion to quash); La. C.Cr.P. art. 632 A(7) [4(one 'ground for a pre-trial plea that maybe raised by a motion to quash is that “[t]he time limitation .., for the commencement of trial has expired.”).[2]
The Sixth Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial_” This constitutional right to a speedy trial is “fundamental” and is “imposed by the Due Process Clause of the Fourteenth Amendment on the States.” Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Louisiana constitution also protects this right: “Every person charged with a crime ... is entitled to a speedy, public, and impartial trial....” La. Const, art. 1, § 16. And Articles 571-583 -of the Louisiana Code of Criminal Procedure provide independent grounds for a statutory right to a speedy trial. See Barker, 407 U.S. at 523, 92 S.Ct. 2182 (“We find no constitutional basis for holding that the speedy trial right can be quantified into a specified -number of days or months. The States, of course, are free to prescribe a reasonable period consistent with constitutional standards, but our approach must be less precise.”). The, remedy for the violation of the speedy trial right, whether the specific right violated is a constitutional or statutory one, is dismissal of the prosecution. See id. at 522, 92 S.Ct. 2182 (“The amorphous quality of the [speedy trial] right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived.... [B]ut it is the only possible remedy.”); see also La. C.Cr.P. art. 581 (“Upon the expiration of the limitations established by [Articles'578-583], the court shall, upon motion of the defendant, dismiss the indictment..,. If the indictment is dismissed under this | ^article, there shall be no further prosecution against the defendant for the same or a lesser offense based upon the same facts.”).
II
The record suggests that on the day Mr. Brown first appeared for his arraignment on the re-instituted charge (a day which was more than two- years after the filing of *271 the re-instituted charge) events proceeded swiftly. Despite Mr. Brown advising the trial judge that he would probably retain private counsel and in the absence of any apparent compliance with the procedures set forth in La. R.S. 15:175 A, - the .trial judge offered Mr. Brown the services of an available public defender “for purposes of resolving your matter today.” The public defender accepted the appointment (“I’ll take on the representation of Mr. Brown”), conferred with Mr. Brown, and filed a detailed motion to quash. There was an on-the-record discussion about the sentence the trial judge intended to impo.se if Mr. Brown entered a guilty plea at that time, during which time she acknowledged her awareness that Mr. Brown had been eligible for the district attorney’s .diversion program and that he had “failed out of” it.
Turning to the just-filed motion to quash, and pointing out that the two-year limitations period had expired and that Mr. Brown had no preexisting bond obligation on the pending charge, the public defender stated .that it was his “understanding, also, that t,he court is under the opinion, that since he had been in diversion previously, that he had possibly, waived prescription. And that’s ^typically what happens.” Without any input from the prosecutor, the trial judge immediately denied the motion, to which ruling .the public defender objected.
Immediately thereafter, the public defender informed the court that Mr. Brown would plead guilty “[a]nd pursuant to conversation with the court, the court is permitting Mr. Brown to plead under Crosby, preserving his right regarding the Motion to Quash, to appeal that issue, if he chooses to do that down the line.” Following the Boykinization, the trial judge accepted the guilty plea under the provisions of Article 893 of the Louisiana Code of Criminal Procedure, deferred imposition of sentence, granted his motion for appeal, allowed the public defender to withdraw, and appointed the publicly-funded Louisiana Appellate Project to provide representation to Mr. Brown for his appeal.
As is obvious, there was no evidence introduced to support. or controvert the allegations of the motion to quash. Importantly, nothing in the way .of competent evidence, such as a stipulation,.established Mr. Brown’s agreement to participate in .the district attorney’s diversion program or to “waive prescription,” ..by which we suppose we are to understand a waiver of Mr. Brown’s speedy trial rights. And, although 'the prevailing party in the trial court, the prosecution here, points out that it had no opportunity, especially in light of the alacrity of the filing of the motion followed by an immediate disposition of the motion, to offer evidence to support the denial of the motion. Thus, the prosecution alternatively argues that if there were to be a reversal of the ruling, then there should be a remand to allow it the opportunity to present evidence. .
Ji11
We generally review trial court rulings on motions to quash under an abuse-of-discretion standard. See State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198,1206; State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245. We specifically review a ruling on a motion to quash on the ground that the time limitation or prescriptive period for commencement of trial has' expired under that same standard. See State v. Ramirez, 07-0652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207. In our review, we give great' deference to findings of fact made by the trial judge while ruling on a defendant’s motion to quash. We will “not overturn those findings unless there is no evidence to support [them].” State v. Wells, 08-2262,- p, 4 *272 (La.7/6/10), 45 So.3d 577, 580 (emphasis added).
Here, however, we are loath to simply reverse the trial judge’s ruling as an abuse of discretion. The drastic remedy of dismissal of the indictment would result, and the prosecution may well have the evidence to convince the trier-of-fact that the time limitations did not expire. As a general statutory rule, as we have already pointed out, no trial shall be commenced in a non-capital felony case, such as this one, “after two years from the date of institution of the prosecution.” La. C.Cr.P. art. 578 A(2). But this time limitation is subject to interruption.[3] In fact, much of Mr. Brown’s motion to quash is devoted to negativing the prosecution’s ability to carry its burdens, some of which are “heavy,” to establish any of the ^grounds for interruption. See State v. Thomas, 13-0816, pp. 5-6 (La.App. 4 Cir. 3/19/14), 138 So.3d 92, 96.[4]
By way of illustration, one ground for interruption of the statutory two-year period is provided in Article 579 A(2): “[t]he defendant cannot be tried because of ... any other cause beyond the control of the state[.]” We have previously found that a defendant’s ongoing participation in the Orleans Parish district attorney’s pre-trial diversion program prevented the prosecution from commencing trial which was beyond the state’s control, and thus sufficed for interruption of the limitations period. See State v. Jones, 12-0653, p. 8 (La.App. 4 Cir. 2/6/13), 107 So.3d 1285, 1290. Citing to Jones, we have explained that we even “promote the use of these agreements by holding a defendant’s admission into a pretrial diversion program interrupts the tolling of time in which the district attorney must commence trial under La. C.Cr.P. art. 578-” State v. Franklin, 13-1489, p. 7 (La.App. 4 Cir. 6/11/14), 147 So.3d 231, 238 (Bagneris, J., concurring; Lobrano, J., dissenting). This is “so that the district attorney is not disadvantaged in commencing prosecution if the accused fails to successfully complete the diversionary program.” Id.
But in Jones it was established that the defendant participated in the diversion program and had signed a waiver of the limitations period which was contained in the agreement styled “Diversionary Program Agreement of | {¡Conditions.” See Jones, 12-0653, p. 7, 107 So.3d at 1290. Such an agreement may well be “typical.”[5] But here we have nothing to establish that Mr. Brown entered the diversion program, much less waived his speedy trial rights or agreed to a waiver of them. See Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (“There is a presumption against the waiver of constitutional rights ... and for a waiver to be effective it must be clearly established that there was ‘an intentional relinquishment or *273 abandonment of a known right or privilege.’ ”) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).[6] The holding of Jones, however, is not the execution of any waiver agreement but rather that ongoing participation itself in the diversion program constituted the interruption. See Jones, 12-0653, p. 7, 107 So.3d at 1290. Thus, the interruption would cease upon “failing out” of the program. And, here again, there is no evi-dentiary basis by which it can be determined when the interruption ceased and the two-year limitations period commenced anew.[7] Moreover, we importantly note with respect to execution of a waiver agreement, we have never been presented with deciding whether such could be a basis for finding that a defendant can prospectively waive his speedy trial rights, especially those conferred by statute. Cf. Zedner v. United States, 547 U.S. 489, 503, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (concluding that “a defendant may not prospectively waive the application of’ the federal Speedy Trial Act and consequently a defendant’s |in“waiver ‘for all time’ was ineffective.”). But surely we cannot attribute to the prosecution the lack of supplying the evidence necessary to support an interruption of the two-year limitations period on account of any participation of Mr. Brown in the diversion program when the trial judge prematurely terminated the hearing in favor of the prosecution and against Mr. Brown.
Conversely, Mr. Brown’s motion did not limit itself to asserting only a claim for a violation of a statutory right to a speedy trial. He also asserted a claim for violation of his constitutional rights to a speedy trial. The premature termination of the hearing prevented Mr. Brown from introducing evidence by which the trial judge might assess a constitutional violation. A constitutional speedy-trial right violation is assessed using four factors: “[ljength of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.” Barker, 407 U.S. at 530, 92 S.Ct. 2182. And, a finding that there has been no violation of the statutory speedy trial right does not preclude a finding of a constitutional speedy trial right, or vice versa. See State v. Sorden, 09-1416, p. 7 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 185 (“[Statutory and constitutional rights are distinct bases for asserting the right to a speedy trial.”) (citing State v. Powers, 344 So.2d 1049,1051 (La.1977)),
REMAND INSTRUCTIONS
Because we are unable on this record to properly decide whether Mr. Brown’s constitutional or statutory rights to a speedy trial have been violated, we must afford both Mr. Brown and the prosecution an opportunity to introduce evidence which would support their own positions or controvert the position of the other. See State v. Dillon, 11-0188, p. 7 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 477-78. Consequently, we remand the matter to the trial court with instructions. Cf. State v. Walton, 06-2553 (La.6/1/07), 957 So.2d 133, 134 (per curiam); State v. Floyd, 07-0216 (La.10/5/07), 965 So.2d 865 (per curiam). The trial court is directed to reopen the hearing on Mr. Brown’s motion. See State v. Foster, 96-0670, (La.6/28/96), 675 So.2d 1101, 1102. On remand, the parties may *274 present relevant evidence on the issues raised by the motion to quash, following which the trial judge is to rule anew on the basis of the expanded evidentiary record. See id.[8]
If, on the basis of the evidentiary record as expanded, the trial judge rules favorably to the defendant and sustains his motion, she shall provide Mr. Brown with the opportunity of withdrawing his guilty plea, dismiss the charges, and discharge Mr. Brown. See Dillon, 11-0188, p. 8, 72 So.3d at 478; La. G.Cr.P. art. 581; Sorden, 09-1416, p. 17, 45 So.3d at 191. The pros-écution may file an appeal from the ruling. See La. C.Cr.P. art. 912 B(l).
| iaIf, however, the ruling on the expanded record remains adverse to the defendant, the trial judge shall maintain the guilty plea, and Mr. Brown may again appeal his conviction and sentence to this court on the basis of his original Crosby reservation. See Floyd, 07-0216, 965 So.2d 865.
DECREE
, The trial judge’s ruling on the motion to quash filed by the .defendant, Leslie Brown, is vacated. The matter is remanded to the trial court in order for it to comply with our instructions.
VACATED AND REMANDED
LOMBARD, J., dissents.

. See State v. Crosby, 338 So.2d 584 (La. 1976). A Crosby-ples. allows a defendant to obtain judicial authorization for a reservation of a right to appeal an adverse pretrial ruling, even though there is no jurisdictional defect. A jurisdictional defect has been described as one which "may be invoked by any one at any time and anywhere.” State v. Nicolosi, 128 La. 836, 55 So. 475, 478 (1910). The consent of the district attorney to a Cros&y-plea is not necessary. See State v. Gillis, 07-1909, p. 4 (La.App. 1 Cir. 3/26/08), 985 So.2d 745, 747.

. The failure to seek dismissal of. the charges by filing this motion before trial waives the ground. See La. C.Cr.P. art. 581. ■-

. The time limitation is also subject to suspension, see La. C.Cr.P. art. 580, but, so, far as we can see, suspension is not an issue in this case.

. We do note, however, that while the prosecution’s "heavy burden" generally requires it to "exercise due diligence in discovering the whereabouts of the defendant,” no such diligence is required if it can prove that the defendant failed to appear for trial after receiving actual notice. See State v. Romar, 07-2140, pp. 3-6 (La.7/1/08), 985 So.2d 722, 725-26 (interpreting the provision of La. C.Cr.P. art. A(3)).

. As a general matter, the conditions that a defendant must fulfill in order to complete a pre-trial diversion program may vary immensely, but those terms must be explicit and enumerated in the agreement. See, e.g., In re Bertucci, 08-1349, p. 2 (La.9/26/08), 990 So.2d 1275, 1276 (per curiam); In re Ansell, 00-2662, p. 1 (La.5/25/01), 788 So.2d 1172, 1172 n. 1 (per curiam).

. These principles were approvingly cited in Barker v. Wingo, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. Under the circumstances expressed during the lead-up to the decision on the motion to quash, it would appear that the limitations period would have commenced anew before the re-institution of the prosecution by the filing of the second bill of information.

. We quote the complete Foster ruling:
Granted in part; denied in part. The single attempt at domiciliary service upon relator by leaving the subpoena with an unidentified Ms. Lewis, who indicated that she did not see relator often at that address and refused to sign the return, did not establish that relator had actual notice of the proceedings and did not discharge the state's heavy burden "to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Estill, 614 So.2d 709, 710 (La. 1993). This case is remanded to the district court for purposes of reopening the hearing on relator’s motion to quash. The state may present evidence of what additional steps, if any, it took to execute the capias issued after relator’s failure to appear in court and thereby secure his presence at trial. Cf., City of Baton Rouge v. Wheat, 377 So.2d 1234 (La. 1970) [sic. The correct year is 1979.] Relator may also present evidence on the question of whether he absented himself from his usual abode or had actual notice of the arraignment for which he failed to appear. La.C.Cr.P. art. 579 A(l) arid (3). The district court is to rule anew on the basis of the expanded record. Relator may appeal from an adverse ruling. In all other respects, the application is denied.
Foster, 96-0670, 675 So.2d at 1102.